UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDWARD R. BROWN, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-25-297-SLP |
| | ) |
| **STATE OF OKLAHOMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Edward R. Brown, Sr., a state prisoner proceeding pro se, brings suit alleging violations of his civil rights. United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice due to Plaintiff's failure to prosecute and follow the Court's order and rules.

**I.    Background**

Plaintiff filed his complaint on March 7, 2025. Doc. 1. Staff notes on the Court's ECF system indicate that same day the Clerk of Court mailed a file-stamped copy of the complaint to Plaintiff at the Comanche County Detention Center in Lawton, Oklahoma, the address indicated on the complaint. *See* Doc. 1 at 4; *see also* LCvR5.4 (stating that documents mailed by the Court are "deemed delivered if sent to the last known address given to the court"). On March 24, 2025, the Court received the file-stamped complaint back from the Comanche County Detention Center. Doc. 5. The returned mail was marked

"RETURN TO SENDER"; "NOT DELIVERABLE AS ADDRESSED; "UNABLE TO FORWARD." *Id.*

Per staff notes on the Court's ECF system, on March 25, 2025, the Clerk of Court sent the returned mail to Plaintiff at the Oklahoma State Reformatory in Granite, Oklahoma. The Court's ECF system indicates that Plaintiff did not file a notice of change of address in either the instant case or in his other open case before the Court, *Brown v. Oklahoma*, No. CIV-25-296-SLP. It is Plaintiff's obligation to notify the Court of any new address. *See Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [plaintiff] is acting pro se does not eliminate this burden."); LCvR5.4 (requiring a pro se litigant to notify the Court of any change of address). The undersigned presumes the Clerk of Court determined Plaintiff's current location via the Oklahoma Department of Corrections ("ODOC") online inmate locater and updated his address accordingly on the Court's ECF system.[1]

On April 3, 2025, the Court granted Plaintiff leave to proceed in forma pauperis, Doc. 7, and staff notes indicate that the order was mailed to Plaintiff at the Oklahoma State Reformatory in Granite, Oklahoma. On April 17, 2025, the Court received the order back from the Oklahoma State Reformatory; the returned mail was marked "RETURN TO

---

[1] The undersigned takes judicial notice of ODOC's online inmate locator at https://okoffender.doc.ok.gov/ (last visited May 29, 2025). That online locator shows Plaintiff is still incarcerated at the Oklahoma State Reformatory. *See Triplet v. Franklin*, 365 F. App'x 86, 92 n.8 (10th Cir. 2010) (taking judicial notice of the ODOC's offender search website).

SENDER"; "REFUSED"; "UNABLE TO FORWARD."  Doc. 8.  The Court then ordered Plaintiff to show cause "why this action should not be dismissed for failure to prosecute" and warned that "[f]ailure to do so will likely result in dismissal of the case."  Doc. 10 at 3.  On May 6, 2025, the Court received the show cause order back from the Oklahoma State Reformatory; the returned mail was again marked "RETURN TO SENDER"; "REFUSED"; "UNABLE TO FORWARD."  Doc. 11.

## II.     Discussion

A court has the inherent authority to manage its own affairs, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), and it may dismiss an action if a litigant "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b).  *See Link*, 370 U.S. at 630-31 (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte).  Plaintiff's pro se status does not exempt him from following the rules.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).  A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 631.

Plaintiff's failure to comply with the Court's order and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice.  *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than June 20, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of May, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE